**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| DEERLAKE HOMEOWNERS ASSOCIATION, INC., | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : 2:10-CV-224-RWS : |
| WHITE PROPERTIES ACQUISITION MANAGEMENT, LLC., *et al.*, Defendants. | : : : : |

**ORDER**

This case comes before the Court on Defendant Georgia Department of Transportation's ("GDOT") Motion to Dismiss for Lack of Subject Matter Jurisdiction [8]. After a review of the record, the Court enters the following order.

Plaintiff, a homeowner's association for the DeerLake subdivision, filed this suit as a citizen's enforcement action under the Clean Water Act, 33 U.S.C. § 1365. 2d Am. Cmpl., Dkt. No. [40] at ¶¶ 1, 28. Plaintiff filed this claim against adjacent property owners, GDOT, and GDOT's general contractor, claiming that in widening State Route 141, the Defendants violated federal,

state, and local laws concerning storm water flow, water quality control, and erosion and sedimentation control. Pl.'s Opp., Dkt. No. [19] at 2.  GDOT now moves to dismiss for lack of subject matter jurisdiction, citing the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  The Eleventh Circuit has stated that GDOT is an "arm of the state" for Eleventh Amendment purposes. Robinson v. Georgia Dep't of Transp., 966 F.2d 637, 640 (11th Cir. 1992).  Therefore, GDOT can only be subject to suit if the state voluntarily waives this immunity, or if Congress has expressly abrogated it. Kentucky v. Graham, 473 U.S. 159, 169 (1985).

Plaintiff solely argues that due to GDOT's receipt of federal funds under the Federal Highways Act of 1968, 23 U.S.C. § 101 *et seq.* ("Title 23"), GDOT has waived its Eleventh Amendment immunity for any violation of federal law–including the unrelated Clean Water Act.[1]  Pl.'s Opp., Dkt. No. [19] at 4-5

---

[1] Plaintiff has not challenged GDOT's arguments that: 1) Congress did not abrogate the state's Eleventh Amendment immunity through enacting the Clean Water Act, 2) the

(citing Individual Members of the San Antonio Conservation Soc'y v. Texas Highway Dep't, 446 F.2d 1013, 1028 (5th Cir. 1971) and Hatmaker v. Georgia Dep't of Transp., 973 F. Supp. 1047, 1054 (M.D. Ga. 1995)). However, the doctrine of constructive waiver was overruled by the Supreme Court in College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board, 527 U.S. 666, 681-82 (1999).  Since that decision, the Eleventh Circuit has made clear that in order to subject itself to suit in federal court, "the state must make a clear, unequivocal declaration that it intends to submit itself to federal court jurisdiction." Maynard v. Bd. of Regents, 342 F.3d 1281, 1288 (11th Cir. 2003).

This Court has not found, and the Plaintiff has not pointed to, any provision in Title 23 which expressly abrogates GDOT's immunity upon receipt of federal highway funds. See Challam Cnty. v. Dep't of Transp., 849 F.2d 424, 427 (9th Cir. 1988) (finding that "Congress has not expressed an intent to abrogate state immunity in [Title 23], nor does Title 23 condition receipt of highway funds on a state's waiver."). Therefore, GDOT retains Eleventh

---

Plaintiff cannot pursue a takings clause violation against GDOT, and 3) the General Assembly has not expressly waived immunity through any enactments. These arguments are deemed unopposed. See See LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

Amendment protection, and Defendant GDOT's Motion to Dismiss [8] is **GRANTED**.

    **SO ORDERED** this   16th   day of June, 2011.

                                **RICHARD W. STORY**
                                United States District Judge